## Case No. 14,379.

UNION PAC. R. CO. v. LINCOLN COUNTY.

[2 Dill. 279.] [1]

Circuit Court, D. Nebraska. 1872.

TAXATION—ILLEGAL TAXES—WHEN EQUITY WILL INTERFERE—INJUNCTION.

1. An injunction to restrain the sale of property assessed as omitted property refused, it appearing that the property was taxable, and that if the taxes were paid the complainant would pay no more than its share of the public burdens.

2. A sale of personal property for an illegal tax will not be enjoined—there being an adequate remedy at law; following Dows v. Chicago, 10 Wall. [77 U. S.] 108.

[Cited in Trask v. Maguire, Case No. 14,145; Dixwell v. Jones, Id. 3,937.]

3. The federal courts will exercise great caution in interfering with the collection of revenues by the states, or their municipal or public agencies.

Bill for an injunction to restrain the sale of three locomotives, seized by the county

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

treasurer to pay certain taxes assessed against the complainant, amounting to about $20,000. In 1870, owing to the inaccurate return of the complainant of the number of miles of its road lying in Lincoln county, and west to the state line, the assessment made was upon seventy-two miles less of road than the actual amount. In other words, all of the road bed of the complainant, in the unorganized territory west of Lincoln county, and east of Cheyenne county, was omitted. The taxes upon the amount or length of road originally assessed have been paid by the complainant. On the 25th of October, 1871, acting under the authority conferred, or supposed to be conferred, by section 48 of the revenue act of the state, of 1869, the county treasurer reported to the county clerk that seventy-two miles of railroad had been omitted from the tax list of 1870, and thereupon the county clerk entered the same as omitted property upon the tax list or assessment roll in the hands of the treasurer, and the same was assessed at $16,000 per mile, the same rate that the rest of the railroad had been assessed at, and the levy of taxes for 1870 was carried out at the same rate per cent as the other taxes. Not being paid, the treasurer of the county seized three locomotives of the complainant, on the 1st day of November, 1871, and has advertised them for sale. To restrain this sale on the ground that the said tax is illegal and void, an injunction is asked, which, on the hearing, is prayed to be made perpetual.

Poppleton & Wakeley, for complainant.
Geo. W. Doane, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. The omitted seventy-two miles was taxable property, and there is no doubt that the complainant was liable to pay taxes on the same. Union Pac. R. Co. v. Lincoln County [Case No. 14,378]. The omission to have it put upon the tax list at the regular time, was probably occasioned by the act of the complainant's own officer in making the erroneous return to the auditor. If the tax in question is paid, the complainant pays no more than its proportion of the public burdens, and the county collects nothing but what, under the law (had it been complied with by the complainant's officers and the public officers), it is entitled to. This bill is in equity, and, as no unjust burden is sought to be imposed upon the complainant, the very groundwork of equitable interference fails. Courts of equity, and particularly the federal courts, sitting in equity in the states, will exercise great caution in interfering with the collection of revenues by the states, or their public or municipal agencies. There must be a plain case of injury, and a plain case of equitable jurisdiction and want of adequate remedy at law to justify the chancellor in ar-

resting, by injunction, the ordinary processes of collection under the revenue laws. Dows v. Chicago, 11 Wall. [78 U. S.] 108. Section 48 of the revenue law of the state authorizes the county treasurer (the collecting officer) to report to the county clerk any land or other property omitted from the tax list, and authorizes the clerk to enter such omitted property upon the assessment roll, to assess its value, and the treasurer to enter it upon his tax list, and to collect the tax as in other cases. This course was pursued in the present instance.

The injunction in this case must be refused on another ground. The property levied upon and advertised to be sold by the county treasurer (to restrain which the injunction is sought), is personal property—so declared by the statute; and assuming (but not deciding), that the action of the county officers, on the 25th day of October, 1871, in assessing, under section 48 of the revenue law, the omitted property, was unauthorized, and assuming that the tax (if valid) is not yet due, still the complainant's case falls within Dows v. Chicago, above cited, and he does not show that there is not an adequate remedy at law.

Injunction refused.

See Cases Nos. 14,378 and 14,380. As to equitable jurisdiction to restrain collection of taxes, see Atlantic & P. R. Co. v. Cleino [Case No. 631], and note.